**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2792-18T4

IN THE MATTER OF
THE APPLICATION OF
THOMAS K. DANZI.

_____

Submitted February 24, 2020 – Decided March 26, 2020

Before Judges Fasciale and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. 18-008.

Evan F. Nappen, PC, attorneys for appellant Thomas K. Danzi (Louis P. Nappen, on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent State of New Jersey (Michelle L. DeWeese, First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Thomas K. Danzi appeals from an order denying his application to carry a handgun. The police chief denied the application because Danzi—who was retired at the time—could not demonstrate a justifiable need, a conclusion

reached by the judge and unchallenged on appeal.  We affirm for the reasons expressed by the judge.

On August 3, 2018, Danzi wrote the chief of police to apply for a permit to carry, stating he splits his time residing in New Jersey and Pennsylvania.  The State contends that contrary to Danzi's representations, he did not reside in New Jersey.  To support that contention, the State points out Danzi's application reflected that he used a Pennsylvania driver's license, he produced a residential deed with a Pennsylvania address, and he previously obtained a permit to carry a handgun in Pennsylvania—a permit that he could not have obtained unless he resided in Pennsylvania.  Although the judge did not make any findings about where Danzi resided, he evaluated the chief's denial of the application as if Danzi resided in both New Jersey and Pennsylvania.

In the letter to the chief, Danzi explained that twelve years ago, a Pennsylvania judge appointed him to serve on a Pennsylvania prison board.  Danzi represented that this appointed position required him to provide oversight for prison operations, policies, and procedures.  Danzi requested permission to carry his firearm in New Jersey; he then followed up by filling out the application for a permit to carry.  The application contained three boxes related to employment: Box nine entitled "Name of Employer"; box ten entitled

"Employer's Address"; and box eleven entitled "Occupation." In box nine, Danzi represented that he was "Retired." Danzi left the other two boxes (ten and eleven) blank, consistent with his representation that he was retired.

On appeal, Danzi concedes he cannot show justifiable need under N.J.S.A. 2C:58-4(c) and (d) and N.J.A.C. 13:54-2.4(d), and instead challenges the constitutionality of the carry permit scheme:

> POINT I
>
> NEW JERSEY'S CARRY PERMIT SCHEME IS UNCONSTITUTIONAL AS APPLIED TO [DANZI] BECAUSE IT DENIES HIM THE ABILITY TO LAWFULLY TRANSPORT HIS HANDGUN TO AND FROM HIS RESIDENCE IN NEW JERSEY AND HIS WORKPLACE IN PENNSYLVANIA.
>
> POINT II
>
> NEW JERSEY'S "JUSTIFIABLE NEED" STANDARD VIOLATES THE SECOND AMENDMENT.
>
> POINT III
>
> THE COURT BELOW ERRED BY DENYING [DANZI] EQUAL PROTECTION UNDER THE LAW, AND THE DENIAL OFFENDS FUNDAMENTAL FAIRNESS.

We affirm the denial of Danzi's application to carry a handgun substantially for the reasons given by the judge—specifically that Danzi failed to show justifiable

3

need. We conclude Danzi's arguments on appeal are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add these remarks.

As to Point I, Danzi contends—for the first time—that the carry permit scheme denies him his right to travel and is therefore inconsistent with the Commerce Clause. Although we decline to address this issue, as Danzi did not explicitly raise it before the chief or judge, Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); State v. Robinson, 200 N.J. 1, 20 (2009), we note "[t]he Constitution protects the right to travel, not the right to travel armed." N.Y. State Rifle & Pistol Ass'n v. City of New York, 883 F.3d 45, 67 (2d Cir. 2018), cert. granted, ___ U.S. ___, 139 S. Ct. 939 (2019).

As to Point II, Danzi argues the "justifiable need" requirements of the statute and regulation violate the Second Amendment. But such a challenge has been flatly rejected by this and other courts. See Rogers v. Grewal, ___ F.3d ___ (D.N.J. 2018); Drake v. Filko, 724 F.3d 426 (3d Cir. 2013); In re Wheeler, 433 N.J. Super. 560 (App. Div. 2013). There is no basis to depart from this well-reasoned precedent.

And as to Point III, Danzi raises for the first time that he should be granted a permit to carry a handgun "in the interest of fundamental fairness and pursuant

to equal protection."  He argues he is being treated differently than New Jersey corrections officers.  Although we decline to address this argument as Danzi did not explicitly raise it before the chief or judge, Nieder, 62 N.J. at 234; Robinson, 200 N.J. at 20, Danzi is not employed in this state—or any state—as a corrections officer.  Rather, the judge found, as Danzi represented, that Danzi was retired—a finding that remains supported by credible evidence.

    Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION